UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DARREN EVANS,<br><br>                          Plaintiff,<br><br>    v.<br><br>DUANE MEYER, an individual, WASHOE COUNTY, a political subdivision of the State of Nevada<br><br>                          Defendant. | Case No. 3:14-cv-00103-MMD-WGC<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 9) |

**I.    SUMMARY**

Before the Court is Defendants Duane Meyer ("Meyer") and Washoe County's Motion to Dismiss ("Motion"). (Dkt. no. 9.) For the reasons discussed below, the Motion is granted.

**II.    BACKGROUND**

The following background facts are taken from the Complaint.

Plaintiff is a law enforcement officer employed by the Washoe County Sheriff's Office ("Sheriff's Office"). (Dkt. no. 8 at 1.) Plaintiff was born in England, has a British accent, and is retired from the English Army.

Meyer is a caption with the Sheriff's Office; he was a sergeant in 2005 and was Plaintiff's supervisor at that time. Plaintiff alleges that in 2005, Meyer sang "God Save the Queen" in front of Plaintiff. At an unidentified time later, while Plaintiff was instructing

a trainee on how to operate the fingerprint machine, Meyer again sang "God Save the Queen" in Plaintiff's presence. Plaintiff alleges that the trainee was "amused and the laundry crew interpreted this as an invitation to ridicule [him]." (Dkt. no. 8 at 1.) Plaintiff alleges that Meyer was discriminating against him based on his national origin.

Plaintiff subsequently reported Meyer's conduct to his lieutenant and expressed that he felt humiliated and degraded by Meyers's conduct.[1] After he reported Meyer's conduct, Plaintiff received unwarranted counseling notices and was the subject of an investigation, in retaliation for his reporting.

Plaintiff asserts claims under 42 U.S.C. § 1983, alleging violations of his rights under the Fourteenth Amendment and the First Amendment were violated. He appears to assert both claims against Washoe County as well as Meyer. Defendants seek dismissal under Rule 12(b)(6).

### III.   LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this

---

[1]The Complaint is not clear as to the length of time between Meyer's alleged conduct and Plaintiff's reporting of Meyer's conduct.

tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

## IV.   DISCUSSION

42 U.S.C. §1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under section 1983, a plaintiff "must allege the violation

of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Here, Plaintiff alleges violations of his rights under the Fourteenth Amendment and the First Amendment.

### A. Claims Against Washoe County

"A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978)). "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty*, 654 F.3d at 900 (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir.1997)).

The Complaint does not allege that Washoe County has a policy or practice of interfering with the First or Fourteenth Amendment rights of its employees. *See Van Ort. v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.1996). Likewise, Plaintiff does not allege that Washoe County is deliberately indifferent to Plaintiff's constitutional rights and that this policy, custom or practice created the violation of his constitutional rights. *See id.* Moreover, Plaintiff does not allege that Meyers's actions — singing "God Save the Queen" and discriminating against Plaintiff based on his national origin — were taken pursuant to Washoe County's policy, custom or practice. Finally, Plaintiff fails to allege that Meyer is a final policymaker for Washoe County, and further what county policy, custom or practice can be inferred from his actions to hold the County liable under section 1983. Because Plaintiff has not alleged a policy or practice of discrimination, any 1983 claim against the County necessarily fails.

///

**B.    Claims Against Duane Meyer**

**1.    Equal Protection**

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), cert. denied, 525 U.S. 1154, 119 S.Ct. 1058, 143 L.Ed.2d 63 (1999). Individual liability under section 1983 "arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).

Plaintiff fails to allege that Meyer acted with an *intent or purpose* to discriminate against him based on his national origin. Plaintiff claims that Meyer intended on punishing Plaintiff for being from England. Plaintiff alleges that "[i]ntent is shown in Meyer's opposition to Plaintiff's success in the job, . . . his pretexts for causing sergeants to counsel Plaintiff, . . . and the ongoing nature of his activity through the course of time . . ." (Dkt. no. 8, ¶ 17.) However, Plaintiff's allegations are conclusory and nothing more than "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. The Complaint does not contain sufficient factual allegations to "rise above the speculative level" to support a claim that Meyer discriminated against Plaintiff on the basis of his national origin. *See Twombly*, 550 U.S. at 555.

**2.    Retaliation**

A First Amendment retaliation claim against a government employer involves a sequential five-step series of questions: "(1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech." *Desrochers v. City of San Bernardino*, 572 F.3d 703, 708-09 (9th Cir.

5

1   2009) (quoting *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir.2009)). The plaintiff must

2   satisfy the first three steps of the five-step test. *Ellins v. Cnty. Of Sierra Madre*, 710 F.3d

3   1049, 1056 (9th Cir. 2013) (citing *Eng*, 552 F.3d at 1070). If the plaintiff succeeds, then

4   the burden shifts to the defendant to establish the fourth and fifth steps. *Ellins*, 710 F.3d

5   at 1046 (citing *Robinson v. York*, 566 F.3d 817, 822 (9th Cir. 2009)).

6        While there are several deficiencies with Plaintiff's retaliation claim, the primary

7   problem relates to whether Plaintiff spoke on a matter of public concern. The Complaint

8   does not identify the content of the alleged speech, but merely alleges that Plaintiff

9   spoke on a matter of public concern.[2] Without specific assertions as to the content of the

10  speech, Plaintiff's allegations do not rise above the "speculative level" to satisfy Rule 8's

11  notice pleading requirements. *See Twombly*, 550 U.S. at. 555.

12       Accordingly, the Court concludes that the Complaint fails to satisfy the notice

13  pleading requirements of Rule 8(a) and does not support either of the claims made

14  against Meyer. Defendants' Motion as to Meyer is granted.

15  **C.    Amendment**

16       The Court has discretion to grant leave to amend and should freely do so "when

17  justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)

18  (quoting Fed. R. Civ. P. 15(a)). Because the Court cannot conclude that amendment is

19  futile, the Court grants Plaintiff leave to amend so that he may file an amended complaint

20  that provides "a short and plain statement of the claim showing" Plaintiff "is entitled to

21  relief." Fed. R. Civ. P. 8(a)(2).

22  **V.   CONCLUSION**

23       The Court notes that the parties made several arguments and cited to several

24  cases not discussed above. The Court has reviewed these arguments and cases and

25  ///

---

27  [2]It appears that the protected speech consist of statements Plaintiff made during

28  the course of his "employee evaluation" in both 2012 and 2013. (Dkt. No. 8 at 3-4.) It is
    not clear why these statements would be a matter of public concern.

determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendants' Motion to Dismiss (dkt. no. 9) is granted. Plaintiff is granted leave to file an amended complaint to address the deficiencies identified in this Order, but must do so within fifteen (15) days. Failure to file an amended complaint will result in dismissal with prejudice.

Defendants filed a previous motion to dismiss before Plaintiff filed his Amended Complaint. Defendants' first motion to dismiss (dkt. no. 7) is denied as moot.

DATED THIS 17th day of March 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE